IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,               :
            Appellant       :
                          :
        v.                 :
                          :
Superintendent Kauffman   :    No. 1004 C.D. 2021
SCI Huntingdon          :    Submitted: December 9, 2022

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                   FILED: February 22, 2023

Gregory Dunbar (Dunbar) appeals pro se from the Huntingdon County Common Pleas Court's (Huntingdon County Common Pleas) May 21, 2021 order transferring his Petition for Emergency Writ of Habeas Corpus (Petition) to the Dauphin County Common Pleas Court (Dauphin County Common Pleas). The sole issue before this Court is whether the Huntingdon County Common Pleas properly transferred the Petition to the Dauphin County Common Pleas.[1] After review, this Court affirms.

---

[1] Dunbar presents three issues in his "Statement of Questions:" (1) whether the Huntingdon County Common Pleas unlawfully transferred his Petition to the Dauphin County Common Pleas in bad faith; (2) whether the Huntingdon County Common Pleas knowingly violated Dunbar's federal and state rights to access the courts; and (3) whether the Huntingdon County Common Pleas complied with Pennsylvania Rule of Civil Procedure 240, Pa.R.Civ.P. 240, as this Court directed on December 13, 2021. Dunbar Br. at 5. However, because Dunbar appealed from the Huntingdon County Common Pleas' transfer order, the issue as stated by this Court is the only issue properly before this Court.

On or about February 21, 2020, Dunbar was charged with nine counts of Retaliation Against a Prosecutor or Judicial Official[2] and one count of Barratry[3] originating out of Dauphin County. At that time, Dunbar was an inmate at State Correctional Institution (SCI)-Greene. On March 30, 2021, Dunbar was transferred from SCI-Greene to SCI-Huntingdon. On April 29, 2021, Dunbar filed the Petition in the Huntingdon County Common Pleas. On May 21, 2021, the Huntingdon County Common Pleas entered an order directing the transfer of the Petition to the Dauphin County Common Pleas. Thereafter, Dunbar filed in the Huntingdon County Common Pleas a Notice of Appeal to the Pennsylvania Superior Court (Notice of Appeal). On June 9, 2021, the Dauphin County Common Pleas received the Petition and the Notice of Appeal.[4] On August 3, 2021, the Pennsylvania Superior Court transferred the appeal to this Court.

By December 13, 2021 Memorandum and Order, this Court remanded the matter to the Dauphin County Common Pleas and directed the Dauphin County Common Pleas' Clerk of Courts to return the file transferred from the Huntingdon County Common Pleas, including Dunbar's Notice of Appeal from the Huntingdon County Common Pleas' May 21, 2021 order, to the Huntingdon County Common Pleas Prothonotary/Clerk of Courts for appropriate action. This Court further directed that the Huntingdon County Common Pleas' Prothonotary/Clerk of Courts enter Dunbar's Notice of Appeal upon the docket and transmit the Notice of Appeal to this Court in accordance with Pennsylvania Rule of Appellate Procedure (Rule)

---

[2] 18 Pa.C.S. § 4953.1(a) ("A person commits an offense if he harms or attempts to harm another or the tangible property of another by any unlawful act in retaliation for anything lawfully done in the official capacity of a prosecutor or judicial official.").

[3] 18 Pa.C.S. § 5109 ("A person is guilty of a misdemeanor of the third degree if he vexes others with unjust and vexatious suits.").

[4] On June 23, 2021, the Dauphin County Common Pleas ordered Dunbar to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On July 6, 2021, Dunbar filed his Rule 1925(b) Statement.

905(b).[5]  On March 21, 2022, the Huntingdon County Common Pleas filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).  On March 25, 2022, this Court received the Huntingdon County Common Pleas' record.  On September 2, 2022, SCI-Huntingdon Superintendent Kevin Kauffman filed a notice of non-participation in this appeal.[6]

The Huntingdon County Common Pleas determined that since the Petition arose from Dunbar's Dauphin County Common Pleas criminal case (Docket No. CP-22-CR-0000873-2020), the Huntingdon County Common Pleas was not the proper venue for the Petition, and transfer to the Dauphin County Common Pleas was appropriate.  *See* Rule 1925(a) Opinion at 1.

Initially, Pennsylvania Rule of Criminal Procedure 108 (relating to habeas corpus venue) provides, in relevant part:

> (A) A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.
>
> . . . .
>
> *Comment*: . . . .
>
> . . . . A petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to Section 5103[(a)] of the Judicial Code, 42 Pa.C.S. § 5103(a) [(relating to the transfer of erroneously filed matters generally)].

---

[5] Pa.R.A.P. 905(b) (relating to transmission to the appellate court).

[6] On September 6, 2022, Dunbar filed a "Motion for Summary Relief Res Judicata-Bar Application for Relief" (Application for Relief).  By September 16, 2022 Order, this Court directed that the Application for Relief be decided with the merits of this appeal.  On December 8, 2022, Dunbar filed a "Petition for Reconsideration and Rule to Show Cause why this Court in Bad Faith Disregard[ed] its own Precedent on Nov[ember] 22, 2022[,] and Dec[ember] 13, 2021[,] and Request to Correct the Record" (Petition for Reconsideration).  By January 9, 2023 Order, this Court denied the Petition for Reconsideration.

Pa.R.Crim.P. 108.

In his Petition, Dunbar alleged that his March 30, 2021 transfer from SCI-Greene to SCI-Huntingdon was illegal because all transfers were stayed pending his video hearing at SCI-Greene on his Dauphin County criminal charges (Docket No. CP-22-CR-0000873-2020) scheduled to occur on April 12, 2021. *See* Petition ¶ 1; Original Record (O.R.) at 201-202.[7] Dunbar further averred that his continued confinement is unlawful because there is no complaint or arrest warrant in his prison file. *See* Petition ¶¶ 5-6; O.R. at 203. Finally, Dunbar claimed that he was released from custody on docket number MJ-12104-CR-0000869-2019.[8] *See* Petition ¶ 7; O.R. at 203.

Because the Dauphin County Common Pleas directed "[Dunbar's] detention or confinement" on the criminal charges at issue, the Dauphin County Common Pleas is the proper habeas corpus venue. Pa.R.Crim.P. 108(A). Accordingly, the Huntingdon County Common Pleas "transferred [the Petition] to the proper judicial district pursuant to Section 5103 of the Judicial Code[.]" *Id.* comment.

For all of the above reasons, the Huntingdon County Common Pleas' order is affirmed.[9]

---

[7] Because the Original Record pages are not numbered, the page numbers referenced herein reflect electronic pagination.

[8] Docket No. MJ-12104-CR-0000869-2019 indicates the same Dauphin County Common Pleas charges, i.e., nine counts of Retaliation Against a Prosecutor or Judicial Official and one count of Barratry, were dismissed by a magisterial district judge on February 23, 2020. *See* O.R. at 119-121.

[9] Given this Court's disposition of the appeal, Dunbar's Application for Relief is dismissed as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,            :
          Appellant       :
                        :
         v.                 :
                        :
Superintendent Kauffman      :      No. 1004 C.D. 2021
SCI Huntingdon             :

PER CURIAM

### O R D E R

AND NOW, this 22nd day of February, 2023, the Huntingdon County Common Pleas Court's May 21, 2021 order is AFFIRMED. Gregory Dunbar's "Motion for Summary Relief Res Judicata-Bar Application for Relief" is DISMISSED as moot.